## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IG ASSETS, INC. | ) | Case No. 12-18443 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |
| | ) | |
| _____ | ) | **Hearing: May 29, 2013 at 10:00 a.m.** |

### <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that on May 29, 2013, at 10:00 a.m., the undersigned shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, in the courtroom usually occupied by her, United States Courthouse, 219 South Dearborn Street, courtroom 742, Chicago, Illinois, and then and there present the **First Interim and Final Fee Application of Goldstein & McClintock LLLLP as Counsel to the Debtor** a copy of which is attached hereto and herewith upon you.

Dated: May 7, 2013

**GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/ Matthew E. McClintock
     One of its Attorneys

Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
208 South LaSalle Street, Suite 1750
Chicago, Illinois  60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew E. McClintock, an attorney, do hereby certify that on May 7, 2013, I caused true and correct copies of the **Notice of Motion** and **First Interim and Final Fee Application of Goldstein & McClintock LLLLP as Counsel to the Debtor** to be served upon the parties listed below via CM/ECF, the Court's electronic filing system.

Dated: May 7, 2013                                        /s/ Matthew E. McClintock

**Parties Served Via CM/ECF**

R Scott Alsterda on behalf of Creditor John W. Elling
rsalsterda@uhlaw.com

Eugene Crane on behalf of Attorney Eugene Crane Trustee
ecrane@craneheyman.com,
il41@ecfcbis.com;jmunoz@craneheyman.com;dkobrynski@craneheyman.com

Vivek Jayaram on behalf of Intervenor-Defendant Deutsche Effecten - Und Wechsel -
Beteiligungsgesellschaft AG
vivek@jayaramlaw.com

Vivek Jayaram on behalf of Intervenor-Defendant Bertram Kohler
vivek@jayaramlaw.com

Vivek Jayaram on behalf of Intervenor-Defendant Mirko Wackerle
vivek@jayaramlaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Debra L Remington on behalf of Interested Party State of Wisconsin-Dept. of Administration
remingtondl@doj.state.wi.us, gurholtks@doj.state.wi.us

Patrick F Ross on behalf of Creditor John W. Elling
pfross@uhlaw.com,
kburde@uhlaw.com;rjanczak@uhlaw.com;keedeus@uhlaw.com;sgfeibus@uhlaw.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IG ASSETS, INC. | ) | Case No. 12-18443 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: May 29, 2013 at 10:00 a.m. (CT)** |

### FIRST INTERIM AND FINAL FEE APPLICATION OF
### GOLDSTEIN & MCCLINTOCK LLLP AS COUNSEL TO THE DEBTOR

Goldstein & McClintock LLLP ("*G&M*"), counsel to IG Assets, Inc. (the "*Debtor*"), hereby submits the *First Interim and Final Fee Application of Goldstein & McClintock LLLP as Counsel to IG Assets, Inc.* (the "*Application*") and requests entry of an order: (i) allowing as final compensation the amount of $107,367.00 for legal services rendered during the period May 4, 2012 through and including May 6, 2013 (the "*Application Period*") and reimbursement to G&M of $1,402.13 in actual expenses incurred during the Application Period; (ii) authorizing G&M to apply the Remaining Cash (as defined below) to such allowed fees and expenses; and (iii) authorizing G&M to apply its remaining retainer balance of $215.69 (the "*Retainer Balance*") to such allowed fees and expenses; and in support of the Application, G&M respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1334. This is a core proceeding pursuant to 28 U.S.C. section 157. Venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the *Local Rules of the United States Bankruptcy Court for the Northern District of Illinois* (the "*Local Rules*").

## BACKGROUND

3.      On May 4, 2012 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "*Bankruptcy Code*").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession.

4.      The Debtor provides a range of products and services that support research in microbial genomics—a field dedicated to understanding what microorganisms do and how they do it, as well as comparing multiple genomes in ways that were not previously possible. Headquartered in Mount Prospect, Illinois, the Debtor is a leading provider of software tools that perform comparative genomic analysis, and owns one of the world's largest genome databases. The Debtor also provides consulting services for genomic analysis utilizing such software.

5.      On July 25, 2012, the Court entered an order authorizing the retention of G&M as counsel to the Debtor.  G&M has managed to effectuate a sale of IGA's assets, which was IGA's stated intention from the outset of this case (but was significantly held up due to litigation initiated by the chapter 7 trustee (the "*Trustee*").   After extensive briefing and ultimately mediation, G&M managed to engineer a multi-party settlement pursuant to which $100,000.00 of the sale proceeds will be paid to the Trustee as part of a larger deal to resolve the two primary asserted claims against the Debtor's estate (claims of the Trustee and the State of Wisconsin). The remaining $50,000.00 will be held in trust by G&M (the "*Remaining Cash*").

6.      G&M has not yet applied for interim approval of fees and expenses incurred since the Petition Date (since there were no funds to pay such fees).   As the sale is now being consummated and the case is now resolved, G&M is thus seeking final approval of all fees and expenses ($107,367.00 in fees and $1,402.13 in expenses) incurred during the Application Period.   Narrative summaries of the services rendered by G&M during the Application Period are set forth below.   In addition, itemized statements, which set forth in detail the services rendered by G&M professionals during the Application Period, are attached hereto as Exhibits A and B.

7.      Finally, G&M is seeking entry of an order authorizing it to apply its existing Retainer Balance and the Remaining Cash to the outstanding fees and expenses awarded pursuant to this Application. Notably, even after application of such funds, as a result of the circumstances of this case – prolonged opposition from the Trustee which drove down the sale price for the assets and increased costs – G&M will be receiving less than 50% of the compensation and expense reimbursement it is actually entitled to.

## DISCUSSION

**APPLICABLE STANDARD**

8.      Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award ... reasonable compensation for actual, necessary services rendered by the ... attorney and by any paraprofessional person ... and ... reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including- (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with

the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

9.     The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal

have recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

10.     In reviewing the Application, the Court should be guided by the Seventh Circuit's

instruction to ascertain whether such services were rendered and billed in accordance with the

established market for legal services in similar matters:

[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v.*

*McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to

encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy

courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

11.    In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, Westlaw). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

12.    In evaluating the Application, this Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by G&M's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531,534 (Bankr. N.D. Ill. 1990).

## SERVICES PERFORMED DURING APPLICATION PERIOD

13.    Statements detailing the services rendered and actual and necessary expenses incurred by G&M during the Application Period are attached hereto and incorporated herein as follows:

- Exhibit A: *May 4, 2012 – January 31, 2013 Schedules of Services Rendered and Expenses Incurred.*

- Exhibit B: *February 1, 2013 – May 6, 2013 Schedules of Services Rendered and Expenses Incurred.*

14.     G&M's hourly rates of compensation for attorneys and paraprofessionals during the Application Period ranged from $105 to $725 (however, no professional with an hourly rate in excess of $435 is seeking compensation for services during the Application Period).  The rates charged herein are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction.  G&M consistently and consciously made every reasonable effort to represent the Debtor in the most economical, efficient, and practical manner possible.

15.     No agreement or understanding exists between G&M and any other person for the sharing of compensation received or to be received in connection with this chapter 11 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16.     G&M reserves the right to correct, amend, or supplement this Application.

## SUMMARY OF SERVICES

17.     A summary of the compensation requested herein for the Application Period, broken down by each of the G&M professionals and paraprofessionals who provided services during such period, is set forth in the chart below:

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Matthew E. McClintock | Partner | 2003 | $435.00 | 33.1 | $14,398.50 |
| Scott B. Kitei | Partner | 2004 | $400.00 | 164.6 | $65,840.00 |
| Lauren L. Tobiason | Associate | 2008 | $305.00 | 3.8 | $1,159.00 |
| Amrit S. Kapai | Associate | 2011 | $240.00 - $255.00 | 61.9 | $15,574.50 |
| Teresa Gomez | Paralegal | N/A | $225.00 | 46.2 | $10,395.00 |
| | | | | **309.6** | **$107,367.00** |

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| **TOTAL** | | | | | |
| **Blended Rate:** | | | | | **345.79/hour** |

18.     A summary of the compensation requested during the Application Period by category of service performed is set forth in detail below:

**A.     Case Administration**                                        **$16,104.50**

19.     G&M spent 47.8 hours at a cost of $16,104.50 on case administration.  This category primarily includes time spent performing necessary case administration tasks (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents), reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, and corresponding with parties-in-interest concerning general case matters.  This category also includes matters which encompass more than one other discrete category.

**B.     Schedules and Reports**                                        **$9,089.00**

20.     G&M spent 32.1 hours at a cost of $9,089.00 on schedules and reports.  This category primarily includes time spent reviewing the Debtor's Schedules, Statement of Financial Affairs, and operating reports.

**C.     Executory Contracts**                                        **$637.50**

21.     G&M spent 2.5 hours at a total cost of $637.50 on executory contracts.  This category primarily includes time spent reviewing motions to reject or assume executory contracts filed by the Debtor and outstanding executory contracts to identify potential reductions in indebtedness.

**D.     G&M Retention and Fee Application**                                        **$2,396.50**

7

22.     G&M spent 7.7 hours at a cost of $2,396.50 on G&M retention and fee application issues.  This category primarily includes time spent preparing G&M's retention pleadings and Monthly Statements.

**E.     Litigation                                                    $14,096.00**

23.     G&M spent 45.1 hours at a cost of $14,096.00 on litigation.  This category primarily includes all time spent relating to litigation matters, reviewing adversary complaints, investigation into litigation options, and such other and further services related to litigation matters.

**F.     Claims and Creditors                                         $2,141.00**

24.     G&M spent 8.4 hours at a cost of $2,141.50 on claims and creditors.  This category includes reviewing claims against the Debtor and attempting to settle those claims.

**G.     Asset Sales                                                   $61,542.50**

25.     G&M spent 163.6 hours at a cost of $61,542.50 on asset sales issues.  This category primarily includes time spent by G&M related to the sale of the Debtor's assets (including, among other things, preparing procedures and reaching out to potential purchasers).

**H.     Employee Issues                                              $1,360.00**

26.     G&M spent 3.4 hours at a cost of $1,360.00 on employee issues.  This category primarily includes time spent by G&M related to an employee wages motion and the objection to that motion

**<u>EXPENSES INCURRED</u>**

27.     Detailed itemizations of all expenses incurred during the Application Period are incorporated in the attached Monthly Statements.  Expenses were incurred in the following general categories:

8

a. <u>Photocopies</u>: G&M incurred expenses in the amount of $515.20 in photocopying expenses in connection with representing the Debtor in this bankruptcy proceeding.  G&M makes no profit on these expenses.

b. <u>Westlaw Research</u>: G&M incurred expenses in the amount of $498.50 in legal research provided by Westlaw.  G&M makes no profit on these expenses.

c. <u>Postage</u>: G&M incurred expenses in the amount of $247.73  associated with postage expense required to ensure proper service of all pleadings relating to the bankruptcy proceeding.  G&M makes no profit on these expenses.

d. <u>ECF/Pacer:</u> G&M incurred expenses in the amount of $140.70 in ECF/Pacer charges.  G&M makes no profit on these expenses.

## **BENEFIT TO THE ESTATE**

28.     G&M's efforts have substantially benefited the estate. G&M was instrumental in driving the process that resulted in a multi-party settlement that allowed the Debtor's assets to be sold, preserved it as a going concern (saving numerous jobs), and satisfied the claims of the Debtor's largest creditors.  As the Court is well aware, this was a messy and at times contentious dispute, and G&M put in substantial efforts to bring the case to a successful conclusion.

29.     G&M believes its efforts substantially benefitted the estate.

## **FEES REQUESTED**

30.     As set forth in greater detail above and in the attached Statements, for the Application Period, G&M is requesting that the Court allow it $107,367.00 as compensation and $1,402.13 for the reimbursement of expenses pursuant to Section 330 of the Bankruptcy Code. G&M is holding $215.69 paid by the Debtor as a retainer in this case.  G&M herby requests that

the Court authorize G&M to apply the Retainer Balance and the Remaining Cash to the compensation and reimbursement of fees allowed hereunder.

WHEREFORE, G&M respectfully requests that this Court enter an order: (a) allowing G&M compensation and reimbursement of expenses for all amounts requested in this Application (as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code); (b) authorizing G&M to apply its Retainer Balance and the Remaining Cash to such amounts; (c) authorizing the Debtor to pay the amounts requested herein to G&M; and (d) granting such order and further relief as the Court deems just and proper.

Dated: May 7, 2013

**GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/ Matthew E. McClintock
     One of its Attorneys

Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
208 South LaSalle Street, Suite 1750
Chicago, Illinois  60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Counsel for the Debtor and Debtor in Possession*