UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IG ASSETS, INC. | ) | Case No. 12-18443 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**FINAL ORDER GRANTING DEBTOR'S SECOND AMENDED MOTION FOR AN ORDER (A) APPROVING LETTER OF INTENT FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) APPROVING SALE PROCEDURES; (C) SCHEDULING SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE; (D) ESTABLISHING PROCEDURES RELATED TO THE ASSUMPTION AND ASSIGNMENT AND REJECTION OF CONTRACTS; AND (E) GRANTING RELATED RELIEF**

Upon consideration of the Motion[1] of the Debtor for entry of an order (A) approving letter of intent for the sale of substantially all of the Debtor's assets; (B) approving sale procedures; (C) scheduling sale hearings and approving the form and manner of notice of the sale; (D) Establishing procedures related to the assumption and assignment and rejection of contracts; and (E) granting related relief, and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the Debtor has satisfied all of the applicable requirements of Section 363 of the Bankruptcy Code; the proposed Sale and related relief is in the best interests of the Debtor, its estate and its creditors; good business reasons exist to proceed with the proposed Sale; and upon all of the proceedings had before the Court, if any; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as provided in the Motion.

IT IS HEREBY:

1. ORDERED that the Sale of all of the Debtor's estate's right, title and interest in and to the Purchased Assets (as defined in the APA) pursuant to the terms of the APA entered into between the Debtor and IgenBio, Inc. (the "*Purchaser*") is approved, free and clear of any and all liens, claims and encumbrances of any kind or nature (collectively, the "*Liens*"), including, without limitation, any claims of the Trustee and claims related to the Chapter 7 litigation; and it is further

2. ORDERED that the Sale of the Purchased Assets to the Buyer is an exercise of the Debtor's sound business judgment and is in the best interests of the Debtor, its estate and its creditors; and it is further

3. ORDERED that the consideration provided by Buyer pursuant to the terms of the APA is deemed to constitute reasonable equivalent value and fair consideration under the Bankruptcy Code and any other applicable law; and it is further

4. ORDERED that the Debtor is hereby deemed to have assumed and assigned the Assumed Contracts to the Purchaser, and that going forward any obligations associated with the Assumed Contracts shall be liabilities of the Purchaser; and it is further

5. ORDERED that at closing the proceeds, less any amount paid to the Trustee pursuant to separate order of the Court, shall be transferred to Goldstein & McClintock LLLP, counsel to the Debtor, to be held in trust pending further order of the Court; and it is further

6. ORDERED that notwithstanding Bankruptcy Rules 7062 or 9014 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing; and it is further

7.    ORDERED that notwithstanding Bankruptcy Rule 6004(g), this Order shall not be stayed, and in the absence of any entity obtaining a stay pending appeal, the Debtor and the Buyer are free to close the Sale; and it is further

8.    ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

9.    ORDERED that Notice of the Motion was good and sufficient notice under the circumstances and no other or further notice or the Motion, the Sale, or the entry of this Order need be given; and it is further

10.    ORDERED that this Court hereby retains jurisdiction over any matters relating to or arising from this Order, including, but not limited to, the implementation, interpretation, and enforcement of this Order.

Dated: Chicago, Illinois
_May 9_, 2013

_____
UNITED STATES BANKRUPTCY JUDGE